UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHNSON CONTROLS, INC., <br><br> Plaintiff, <br> v. <br><br> YANKEE TECHNOLOGY, INC., <br> STEPHEN TESTA, <br> and STANLEY P. RYCZEK, <br><br> Defendants. | Civil Action No. <br><br> 05-30144-MAP |

## PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY

The plaintiff, Johnson Controls, Inc. ("JCI"), moves this Court, pursuant to Fed. R. Civ. P. 26(d), to allow JCI to conduct expedited discovery as set forth more fully below. In support of this motion, and in anticipation of filing a forthcoming motion for preliminary injunction, JCI states as follows:

1. JCI has filed a Complaint in the above matter arising from the defendants' breaches of their contractual non-compete agreements, misappropriation of JCI's confidential and proprietary information and trade secrets, and unfair competition. The defendants, Stephen Testa ("Testa") and Stanley P. Ryczek ("Ryczek") are former JCI employees who, together with their new employer, defendant Yankee Technology, Inc. ("Yankee"), which is a direct competitor of JCI, are violating reasonable and valid non-compete/confidentiality agreements, and are misappropriating valuable proprietary and confidential information and trade secrets, resulting in serious and irreparable harm to JCI.

2. In order to avoid further, immediate and irreparable injury to JCI and to effectuate the interests of justice, it is necessary at the earliest opportunity to depose the defendants and

conduct additional discovery in this matter. JCI intends to serve Notices of Deposition for all defendants and appropriate non-parties, as well as document requests and/or interrogatories following the allowance of this motion by the Court. The discovery will address the extent to which Testa and Ryczek have breached their employment agreements, and the defendants' unfair utilization of JCI's confidential trade secrets and confidential business information, and engagement in unfair competition.

3. Fed. R. Civ. P. 34(b) provides that a party upon whom a document request is served shall serve a written response within 30 days after service of the request. However, "[a] shorter or longer time may be directed by the court...." Id. In connection with its request for expedited discovery, JCI requests that this Court direct the defendants to provide written responses and produce responsive documents at the time of their depositions rather than wait 30 days after service of the document requests.

4. JCI needs to conduct expedited discovery before the Rule 26(f) discovery conference in order to ascertain the full extent to which the defendants have misappropriated its trade secrets and confidential proprietary information so that it may prepare a motion for preliminary injunction in expedited fashion. Also, JCI will provide its initial disclosure under Fed. R. Civ. P. 26(a)(1) to the defendants within a reasonable time following the commencement of discovery.

5. Rule 26(d) of the Federal Rules of Civil Procedure provides that leave of Court must be obtained if JCI seeks discovery on such short notice.

WHEREFORE, the plaintiff, Johnson Controls, Inc., respectfully requests that this Court enter an *ex parte* Order allowing Plaintiff to expedite discovery, including conducting depositions and/or serving other discovery requests on the defendants and other non-parties in this matter.

Respectfully submitted,

JOHNSON CONTROL, INC.

By its attorneys,

Christopher Novello, BBO No.: 630906
Heather C. Krauss, BBO No.: 644457
John S. Lord, Jr., Esq.
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

Dated: June 20, 2005

027.162840.1

3