UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHNSON CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-30144-MAP |
| YANKEE TECHNOLOGY, INC., STEPHEN TESTA, | ) | |
| and STANLEY P. RYCZEK | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT DECREE

The Joint Motion of the Parties to file a Consent Decree having come before the Court,

and the matters raised therein having been reviewed and considered:

It is hereby ORDERED AND ADJUDGED as follows:

1.      Mr. Stephen Testa ("Testa") and Mr. Stanley P. Ryczek ("Ryczek") shall not directly or indirectly solicit business from or perform services for the Johnson Controls Inc. ("JCI") customers listed in the attached Exhibit A for a period of 9 months ending on May 31, 2006.

2.      Mr. Testa and Mr. Ryczek shall not directly or indirectly solicit business from or perform services for the Johnson Controls Inc. ("JCI") customers listed in the attached Exhibit B for a period of 8 months ending on April 30, 2006.

3.      Mr. Aaron Gazaille ("Gazaille") shall not directly or indirectly solicit business from or perform services for the Johnson Controls Inc. ("JCI") customers listed in both Exhibit A and Exhibit B for a period of 2 months ending on October 31, 2005.

4.      Nothing herein, however, shall be construed as limiting Mr. Ryczek and Mr. Gazaille from performing service solely on "Automated Logic" products which have previously been purchased (or may hereafter be purchased) by the customers listed in the attached Exhibit C. Mr. Ryczek and Mr. Gazaille will accordingly be permitted to perform service solely on "Automated Logic" products which have been purchased (or may be purchased) by the customers listed in the attached Exhibit C. In addition, nothing herein shall be construed as limiting Mr. Ryczek and Mr. Gazaille from performing service solely on "Automated Logic"

products for any costumer listed in Exhibits A and B should such customers hereafter purchase "Automated Logic" products for their use.

5.    Yankee Technology, Inc. ("Yankee") shall keep Mr. Testa, Mr. Ryczek and Mr. Gazaille separate and completely apart from any client contact arising prior to and/or after entering into any contract with the JCI customers as defined above for the respective time frames set forth above.  Yankee shall also circulate a memorandum in the form attached hereto in Exhibit D to all Yankee personnel and employees expressly requiring that Yankee employees and personnel observe the requirements of Paragraph Nos. 1, 2 and 3 above.

6.    Mr. Testa, Mr. Ryczek and Mr. Gazaille confirm that they do not have any JCI property or materials in their possession, custody or control, and further shall not use or otherwise disclose any of JCI's confidential business information, trade secrets, proprietary information and property at any time as such terms are defined in Exhibit E attached hereto.  In addition, Mr. Testa, Mr. Ryczek and Mr. Gazaille shall not train any Yankee employee or any other individuals regarding the service of JCI equipment until after May 31, 2006 for Mr. Testa and Mr. Ryczek and until after October 31, 2005 for Mr. Gazaille.

7.    Nothing herein shall be construed as limiting the right of Mr. Testa, Mr. Ryczek and/or Mr. Gazaille to contact and/or perform work for with any individual or entity not specifically set forth on Exhibit A and Exhibit B attached hereto.

8.    The above-entitled action, including but not limited to any claims which were brought or could have been brought by the Parties concerning certain employment contracts between JCI and Mr. Testa, Mr. Ryczek and Mr. Gazaille (respectively), is hereby dismissed with prejudice, without costs, and with each party to bear their own legal fees.

9.    The Parties agree that this Consent Decree resolves the present litigation fully and that any violation of this Consent Decree shall be considered contempt of Court and the Court will retain jurisdiction to enforce the Consent Decree, together with any damages as may flow therefrom.

Respectfully submitted,

JOHNSON CONTROLS, INC.

By: General Counsel – Controls

YANKEE TECHNOLOGY, INC.

By: Charles K. Abu (President)

STEPHEN TESTA

STANLEY P. RYCZEK

AARON GAZAILLE

IT IS SO <u>ORDERED</u>.

Ponsor, J.

*USDJ*

Oct. 6, 2005

Date

**EXHIBIT A**

Assumption College
AstraZeneca
Baystate Health System
Bennington Housing Authority
Berkshire Humane Society
Berkshire Transit Management, Inc.
City of Gardner
Clark Art Institute
Clark University
Cooley Dickinson Hospital
Devereux Foundation
Greenfield Community College
Massachusetts Convention Center Authority
Mictrotest Labs, Inc.
Mount Wachusett Community College
Noble Hospital
Northfield Mount Hermon School
Shrewsbury School District
Shriners Hospital
Soldiers Home in Holyoke
Springfield Technical Community College
Tufts University Veterinary School
University of Massachusetts Memorial Health Care Systems
University of Massachusetts--Amherst
VA Medical Center - Northampton, MA
Verizon - Bell Atlantic
Williams College
Williams Schools
Williamstown Public Schools

**EXHIBIT B**

Baystate Health System
Clark Art Institute
Cooley Dickson Hospital
Northfield Mount Herman School
Williams College

**EXHIBIT C**

Baystate Health Systems
Clark Art Institute
Cooley Dickson Hospital AstraZeneca
Northfield Mount Herman School
Soldiers Home in Holyoke
Williams College

**EXHIBIT D**

## MEMORANDUM

TO:  All Yankee Technology, Inc. Employees

FROM:  [Yankee President]

DATE:

RE:  No Contact Order for Employees Steve Testa, Stan Ryczek, and Aaron Gazaille

---

You are instructed that employees Steve Testa, Stan Ryczek, and Aaron Gazaille are to have no involvement with Yankee clients or prospective clients as set forth below until further notice:

1.    Mr. Testa and Mr. Ryczek are in no way to be involved with the solicitation of business or performance of services for the customers listed in the attached Exhibit A until May 31, 2006.

2.    Mr. Testa and Mr. Ryczek are in now way be involved with the solicitation of business or performance of services for the customers listed in the attached Exhibit B until April 30, 2006.

3.    Mr. Gazaille is in no way to be involved with the solicitation of business or performance of services for the customers listed in the attached Exhibit A and Exhibit B until October 31, 2006.

4.    Notwithstanding the limitations set forth above, Mr. Ryczek and Mr. Gazaille are permitted to service "Automated Logic" products which have previously been purchased by the customers listed in the attached Exhibit C.

This is an agreement that the Company entered into in connection with a court proceeding, and it must be adhered to by all employees.  If you have any questions about this memorandum or what type of contact you may have with Mr. Testa, Mr. Ryczek, or Mr. Gazaille, please see me.

**EXHIBIT E**

Mr. Testa, Mr. Ryczek and Mr. Gazaille agree not to disclose any information and/or materials relating to the following subjects, which information is considered by Johnson Controls to constitute confidential and proprietary business information:

1.    Johnson Controls proprietary software and/or software manuals for: Sales Management Information System, Presto, AIM Tools, Advisor, and Project File Manager;

2.    Johnson Controls operations and training materials and/or information (including but not limited to sales and marketing strategies);

3.    Johnson Controls project control drawings and/or materials, except to the extent that such material is disclosed to Mr. Testa, Mr. Ryczek and Mr. Gazaille by a project owner or its agents;

4.    Johnson Controls project lists;

5.    Johnson Controls customer lists, database downloads and/or information;

6.    Johnson Controls testing and troubleshooting tools and/or information; and

7.    Johnson Controls pricing and estimating tools and/or information (including but not limited to what is known as its "burden rate").

Notwithstanding anything to the contrary set forth in the forgoing, it is expressly agreed and understood that to the extent any of the information and/or materials set forth above, particularly, but not limited to the information referenced in paragraphs 2, 4, 5 and 6, is obtained by Mr. Testa, Mr. Ryczek and/or Mr. Gazaille through either public means, or by attending the training courses and/or instruction which Johnson Controls provides to the public (either online or through written materials, lectures and/or clinics and classes), then any use thereof by Mr. Testa, Mr. Ryczek and/or Mr. Gazaille for any purpose shall not be considered a violation of the terms herein.